IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| HEATHER M. GONZALES AND § <br> JOE GONZALES, III § <br> § <br> v.                                                § <br> § <br> BANK OF AMERICA, N.A.                § | Civil Action No. 3:12-cv-292 |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Heather M. Gonzales and Joe Gonzales, III, Plaintiffs herein, filing this their First Amended Complaint against Bank of America, N.A., Defendant herein, and for causes of action would respectfully show the Court as follows:

**PARTIES**

1. Heather M. Gonzales is an individual who resides in Brazoria County, Texas and may be served with process on the undersigned legal counsel.

2. Joe Gonzales, III is an individual who resides in Brazoria County, Texas and may be served with process on the undersigned legal counsel.

3. Bank of America, N.A. has already appeared in this matter.

**JURISDICTION AND VENUE**

4. The parties agree that this Court has jurisdiction and venue over the parties and the subject matter of this lawsuit.

**RELEVANT FACTS**

5.      On or about July 15, 2005, Heather M. Gonzales and Joe Gonzales, III ("Gonzales") purchased the real property and the improvements thereon located at 2638 Misty Grove Drive, Manvel, Texas 77578 which is also known as Lot Eight (8), in Block Three (3), final plat of Silvercreek, Section Two (2), a subdivision of Brazoria County, Texas, according to the Map and Plat thereof recorded in Volume 22, Page 215 of the Plat Records of Brazoria County, Texas (the "Property").  During the process of purchasing the Property, Gonzales executed a Promissory Note with Mortgage Electronic Registrations Systems, Inc. ("MERS") named as the original mortgagee.

6.      Upon information and belief, the aforementioned Promissory Note and Deed of Trust were subsequently transferred to Bank of America, N.A. ("BOA") which also served as the mortgage servicer.

7.      The Plaintiffs began to have financial difficulties over time and, as a direct result, sought a loan modification from BOA in October 2011. During the process, BOA's representatives informed the Plaintiffs that they were not allowed to make any mortgage payments while in loan modification status because their payments would simply be returned to them. In addition, BOA's representatives informed the Plaintiffs that they were to ignore any foreclosure notices that they may receive while in loan modification status.

8.      The Plaintiffs began submitting their financial documents to BOA at that time to begin review of the Plaintiffs' loan for acceptance into the HAMP loan modification program.

9.      During the next several months, the Plaintiffs continued to submit their financial documents in response to BOA's request for additional financial information.

10.     The Plaintiffs continued to stay in contact with BOA regarding the status of their loan modification program and each time were informed that no decision had been made. The Plaintiffs were under the impression that their HAMP loan modification was imminent until they received a letter from BOA dated August 24, 2012 informing them that their loan modification had been declined. On the same day, the Plaintiffs received a Notice of Substitute Trustee's Sale informing the Plaintiffs that BOA is going to sell their Property at a foreclosure sale on September 04, 2012. Further, it is the Plaintiffs' understanding that BOA is planning to conduct a foreclosure ale of their Property on November 06, 2012.

11.     Accordingly, the Plaintiffs allege that BOA was going to wrongfully conduct a foreclosure sale of their Property on September 04, 2012 and is planning to wrongfully conduct a foreclosure sale of their Property [without proving the proper notice to the Plaintiffs in a timely manner such as a notice of acceleration of debt as required by the Texas Property Code].

## FIRST CAUSE OF ACTION: COMMON LAW FRAUD

12.     To the extent not inconsistent herewith, Heather M. Gonzales and Joe Gonzales, III ("Gonzales") incorporates by reference the allegations made in paragraphs 1 through 11 as if set forth fully herein.

13.     The actions committed by BOA constitute common law fraud because BOA made a false and material representations to Gonzales when informing Gonzales that they were not allowed to make any mortgage payments wile in loan modification status and informed Gonzales to ignore any foreclosure notices. BOA knew that the representation were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth. In addition, BOA made these representations with the intent that Gonzales act on them and Gonzales relied

on these representations which caused Gonzales' injury.

## SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT

14. To the extent not inconsistent herewith, Gonzales incorporates by reference the allegations made in paragraphs 1 through 13 as if set forth fully herein.

15. The actions committed by BOA constitute a breach of contract because the Promissory Note and Deed of Trust are valid, enforceable contract between Gonzales and BOA and Gonzales has standing to sue for breach of contract. Gonzales performed, tendered performance, or was excused from performing their contractual obligations because BOA informed Gonzales that they were not allowed to make any mortgage payments while in loan modification status; therefore, Gonzales was excused from performing their contractual obligations. The breach of contract by BOA caused Gonzales' injury.

## THIRD CAUSE OF ACTION:
## NEGLIGENCE

16. To the extent not inconsistent herewith, Gonzales incorporates by reference the allegations made in paragraphs 1 through 15 as if set forth fully herein.

17. The actions committed by BOA constitute negligence because BOA owed the duty of good faith and fair dealing to Gonzales under the terms and conditions of the Promissory Note and Deed of Trust; however, BOA breached the duty by making false misrepresentations to Gonzales which proximately caused Gonzales' injury.

## DAMAGES:
## ACTUAL DAMAGES

18. The Plaintiffs are entitled to recover their actual damages from the Defendant for which the Plaintiffs plead in an amount which does not exceed the jurisdictional limits of this Court.

## EXEMPLARY DAMAGES

19. The Plaintiffs are entitled to recover their exemplary damages from the Defendant for which the Plaintiffs plead in an amount which does not exceed the jurisdictional limits of this Court.

## ATTORNEYS' FEES

20. The Plaintiffs were forced to employ the undersigned attorneys to represent them and have agreed to pay them reasonable attorneys' fees for their services. The Plaintiffs are entitled to recover their reasonable attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code.

## CONDITIONS PRECEDENT

21. All conditions precedent to the Plaintiffs' right to bring these causes of action have been performed, have occurred, or have been waived.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs respectfully request that upon final hearing or trial hereof, the Court order a judgment in favor of Heather M. Gonzales and Joe Gonzales, III against Bank of America, N.A. for their actual damages, exemplary damages, reasonable attorneys' fees, and all costs of court, and such other and further relief, both general and special, at law or in equity, to which the Plaintiffs may be entitled.

Respectfully submitted,

VILT AND ASSOCIATES, P.C.

By: _____
ROBERT C. VILT
Texas Bar Number 00788586
5177 Richmond Avenue, Suite 1230
Houston, Texas 77056
Telephone:    713.840.7570
Facsimile:    713.877.1827

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2012, the foregoing Plaintiff's First Amended Complaint was filed with the Court via the CM/ECF system and that the Clerk of the Court will forward a copy of same to the following CM/ECF users:

C. Charles Townsend
D. Stewart Clancy
Keron A. Wright
Akerman Senterfitt, LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201

/s/ Robert C. Vilt
ROBERT C. VILT