IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| HEATHER GONZALES § | |
| and JOE GONZALES, III § | |
| § | |
| V. § | CIVIL ACTION NO. G-12-292 |
| § | |
| BANK OF AMERICA, N.A. § | |

### OPINION AND ORDER

Before the Court, with the consent of the Parties under 28 U.S.C. § 636(c), is the "Motion to Dismiss Plaintiffs' First Amended Complaint" of Defendant, Bank of America, N.A. (BOA); the Motion seeks the dismissal of the First Amended Complaint of Plaintiffs, Heather Gonzales and Joe Gonzales, III, in its entirety. Having considered all relevant submissions and applicable law, the Court now issues this Opinion and Order.

At this juncture, in the absence of any substantive discovery, the Court must liberally construe the Plaintiffs' factual allegations, accepting them as true and drawing all reasonable inferences from those allegations in their favor. Voest-Alpine Trading USA, Corp. v. Bank of China, 142 F.3d 887, 891 (5th Cir. 1998)  Under this standard, the Court will briefly state its understanding of the factual bases of the Plaintiffs' three remaining claims.

The Plaintiffs purchased a home in Manvel, Texas, in July 2005, and executed a Promissory Note and Deed of Trust which is now held and serviced by BOA. By October 2011, Plaintiffs were having financial difficulties which prompted them to ask BOA to modify their loan under the HAMP program. The Court infers from the allegations that Plaintiffs were not in default at that time. According to Plaintiffs, "BOA's representatives informed (them) *that they*

***were not allowed*** to make any mortgage payments while in loan modification status because their payments would simply be returned to them" . . . and "that they were to ignore any foreclosure notices that they may receive while in loan modification." (emphasis added)   Apparently, in reliance on BOA's instructions, Plaintiffs quit making payments on the Note.  Then, on August 24, 2012, Plaintiffs were notified that their loan modification had been declined and that their home was scheduled to be sold at foreclosure eleven (11) days later.  Plaintiffs promptly filed suit and the foreclosure sale was enjoined by Order of a state court judge on August 31, 2012.  On October 5, 2012, BOA removed the case to this Court.  As of now, the Court believes that no foreclosure has taken place.

Plaintiffs are presently asserting three causes of action against BOA:  breach of contract, common law fraud and negligence.  The Court will address the claims individually.

**BREACH OF CONTRACT**

This Court agrees with BOA that the Statute of Frauds would bar any claim that its representatives' oral statements modified the Note and Deed of Trust.  Hugh Symons Group, PLC v. Motorola, Inc., 292 F.3d 466, 469 (5th Cir. 2002)   In the absence of a written agreement modifying the loan agreement, or the Defendant's promise to sign an existing document purporting to do so, the Statute of Fraud bars relief.  "Moore" Burger, Inc. v. Phillips Petroleum Co., 492 S.W. 2d 934, 937 (Tex. 1972)

Notwithstanding, the Court is not convinced that this resolves the issue because it also appears that Plaintiffs are claiming that BOA's representatives, while not in writing, induced them to default on their mortgage.  In other words, it appears that Plaintiffs are not strictly seeking to enforce the oral agreement to modify the loan, but, instead, are asserting a more limited claim that

2

BOA cannot assert that they are in default under the original loan because it was BOA's representations that induced the default. Under such circumstances, the law appears to recognize that a distinction exists between seeking to enforce an agreement barred by the Statute of Frauds and seeking to estop a party to an enforceable contract from asserting a breach. See Montalvo v. Bank of America Corp., No. S.A.-10-cv-360-XR, 2012 WL 1078093, at *14-15 (W.D. Tex., Mar. 30, 2012)   This estoppel argument is in the nature of waiver or excuse. The Rule, which is explained in the Restatement of Contracts, provides that "(w)here the parties to an enforceable contract subsequently agree that all or part of a duty need not be performed or that a condition need not occur, the Statute of Frauds does not prevent enforcement of the subsequent agreement if reinstatement of the original terms would be unjust in view of a material change of position in reliance on the subsequent agreement." REST. 2D CONTRACTS § 150.   The commentary to the Rule goes on to provide:

> b.   *Waiver*.   Where a contract is modified by subsequent agreement and the contract as modified is within a provision of the Statute of Frauds, the modified contract is unenforceable unless the Statute is satisfied.  In such a case, if the original contract was enforceable it is not rescinded or modified but remains enforceable.  See § 149.  But the unenforceable modification may operate as a waiver.  See Uniform Commercial Code § 2-209(4).  To the extent that the waiver is acted on before it is revoked, it excuses the other party from performance of his own duty and conditions of the duty of the waiving party.  Cf. §§ 246, 247, 278-80.

Given Plaintiffs' pleadings, a strong argument appears to exist for the application of this Rule. In Montalvo, the Court explained that "if a mortgagor changes her position and defaults in reliance on an oral modification agreement which is unenforceable under the Statute of Frauds, such that reinstatement of the original terms of the loan would be unjust, the mortgagor's default may be excused and the mortgagee estopped from asserting its rights (such as acceleration and

3

foreclosure) triggered by the default. Such a claim does not attempt to enforce the unenforceable oral agreement, but rather excuses the mortgagor's default under the existing, enforceable loan agreement." In the instant case, the Court has assumed that the Plaintiffs were not in default when BOA's representatives told them they were "not allowed to make any mortgage payments"; the mere fact that they were experiencing "financial difficulties" does not mean that they could not have continued their payments. BOA's argument that denial of the modification terminated any excusal with the concomitant assumption that all missing payments would, therefore, be due in full on August 24, 2012, would result in the inequitable and unjust result the Rule exists to preclude. The Court is by no means suggesting that Plaintiffs will prevail on this claim, it is simply finding that it cannot decide the issue without evidence outside the existing pleadings.

It is, therefore, **ORDERED** that BOA's Motion to Dismiss (Instrument no. 8) the Plaintiffs' breach of contract claim is **DENIED** only insofar as Plaintiffs rely on the concept of waiver of performance.

## FRAUD

BOA argues that Plaintiffs' fraud claim fails because "the alleged misrepresentations were not false." As indicated above, the Court cannot, at this time, agree. But, in this Court's opinion, Plaintiffs' fraud claim must still be dismissed. Under Texas law, the Economic Loss Rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. Clark v. Bank of America, N.A., 20012 WL 4793465 *5 (N.D. Tex.) (citing Southwestern Bell Telephone Co. v. DeLanney, 809 S.W. 2d 493, 494 (Tex. 1992)   The Economic Loss Rule applies to real estate transactions. Jim Walter Homes, Inc. v. Reed, 711 S.W. 2d 617, 618 ( Tex. 1986)   Plaintiffs have not alleged any independent injury outside the

economic losses caused by BOA's alleged breach of the contract, therefore, they cannot maintain a claim for fraud. Rhodes v. Wells Fargo Bank, N.A., 2012 WL 5363424 *29-30 (N.D. Tex.)

It is, therefore, **ORDERED** that Plaintiffs' fraud claim is **DISMISSED**.

## NEGLIGENCE

BOA seeks the dismissal of Plaintiffs' negligence claim on the ground that it owed no legal duty to Plaintiffs because no special relationship exists between a mortgagor and a mortgagee giving rise to a duty of good faith and fair dealing. White v. Mellon Mortgage, Co., 995 S.W. 2d 795, 800 (Tex. App. -- Tyler, 1999, no pet.)   This Court agrees, but it also believes that, like their fraud claim, Plaintiffs' negligence claim is barred by the Economic Loss Rule. See Blanche v. First Nationwide Mortgage Corp., 74 F.3d 444, 452-53 (Tex. App. -- Dallas, 2002, no pet.)

It is, therefore, **ORDERED** that BOA's Motion to Dismiss (Instrument no. 8) the Plaintiffs' negligence claim is **GRANTED** and that claim is **DISMISSED**.

**DONE** at Galveston, Texas, this _____10th_____ day of January, 2013.

John R. Froeschner
United States Magistrate Judge