IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| HEATHER M. GONZALES and JOE GONZALES, III, | § § § |
| Plaintiffs, | § § |
| v. | § CIVIL ACTION NO. G-12-292 |
| BANK OF AMERICA, N.A., | § § § |
| Defendant. | § § |

## OPINION AND ORDER

Before the Court, with the consent of the parties, is the Motion for Summary Judgment of Defendant Bank of America, N.A. (Docket Entry ("Dkt.") No. 25). Plaintiffs Heather M. Gonzales and Joe Gonzales, III filed a response to the Motion (Dkt. No. 26) and then Defendant filed a reply. (Dkt. No. 27). The Court, after carefully considering the Motion, the response and reply, and the applicable law, concludes that Defendant's Motion for Summary Judgment should be **GRANTED** for all the reasons discussed herein.

I. BACKGROUND

This action was brought by Plaintiffs Heather M. Gonzales and Joe Gonzales ("the Gonzaleseses") against Defendant Bank of America, N.A. ("BOA") after their home, located in Manvel, Texas (hereinafter "the Property"), was threatened with a foreclosure sale.

The summary judgment evidence before the Court reflects that on or about July 15, 2005, the Gonzaleses obtained a mortgage to purchase the Property, secured by a Deed of Trust and Promissory Note in favor of the lender DPH Mortgage, Ltd. (Dkt. No. 25, Ex. A). The Note

1

and the Deed of Trust were later transferred to Bank of America, N.A., which also acted as the mortgage servicer. (Dkt. No. 7 at 2, ¶6).

The Gonzaleses made payments on the note, albeit not always timely,[1] until they failed to make a payment for January 2010, and then again for June 2010. (Dkt. No. 25, Ex. A-3). The loan remained delinquent, which prompted BOA to send a written notice of default to the Gonzaleses. (*Id.*, Ex. A-4). The notice, dated January 18, 2011, notified the Gonzaleses that they were required to cure the default on or before February 17, 2011, and, if they failed, BOA would accelerate the Note and they would risk foreclosure. (*Id.*). The Gonzaleses, while continuing to make current monthly payments, failed to cure the default. (*Id.*, Ex. A-3).

In or around July 2011, when they were four months behind on their mortgage, the Gonzaleses applied for a loan modification. The Gonzaleses insist that BOA's representatives verbally told them to stop making their mortgage payments while their request for loan modification was considered. (Dkt. No. 25, Ex B at 23). The Gonzaleses also insist that the third-party group (Mediation Group of America), who they began working with later to facilitate and assist them with their loan modification efforts, also told them to stop making their mortgage payments. (*Id.*, Ex. B at 37, 39; Ex. C at 29).

On or about August 24, 2012, the Gonzaleses were notified that their loan modification had been declined and that their home was scheduled to be sold at foreclosure eleven days later. The Gonzaleses promptly filed suit and the foreclosure sale was enjoined by Order of a state court judge on August 31, 2012. (*See* Dkt. No. 1). The Defendant timely removed the action to federal court. Once in federal court, the Gonzaleses filed an amended complaint. (Dkt. No. 7). In their

---

[1] Dkt. No. 25, Ex. A-3.

2

Amended Complaint, the Gonzaleses allege a cause of action against the Defendant for breach of contract, common law fraud and negligence. (*Id.*). The Defendant filed a Motion to Dismiss which, after review, this Court granted with regard to Gonzaleses' claims for common law fraud and negligence, but denied as to their remaining claim of breach of contract. (Dkt. No. 14).

The Defendant has now filed a Motion for Summary Judgment seeking dismissal of this action in its entirety. (Dkt. No. 25). The Gonzaleses filed a response to the Motion (Dkt. No. 26), to which Defendant filed a reply. (Dkt. No. 27). Defendant's Motion for Summary Judgment is now ripe for consideration.

## II. STANDARD OF REVIEW

The Court analyzes the Defendant's Motion under the well-established summary judgment standard. Fed. R. Civ. P. 56(c); *see generally*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 576, 586-87 (1986); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 464 (5th Cir. 1999); *United States v. Arron*, 954 F.2d 249, 251 (5th Cir. 1992).

## III. DISCUSSION

### A. Breach of Contract Claim

The Gonzaleses bring a cause of action against BOA for breach of contract. The Gonzaleses' claim is predicated on their understanding that their loan would be modified and that, while their loan was being considered for modification, they were excused from performing their obligations under the loan because BOA's representatives allegedly orally informed them to stop making their loan payments. The Defendant maintains that it is entitled to summary judgment on the Gonzales' breach of contract claim on the ground that they were in default under the contract

3

and this precludes them from maintaining a breach of contract claim. The Defendant also maintains that the Statute of Frauds precludes their breach of contract claim.

A fundamental principle in the law is that "[a] party to a contract who is in default cannot maintain a suit for breach of contract." *Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex.1940). The undisputed evidence in the record reflects the Gonzaleses were delinquent in making their mortgage payments and on January 18, 2011, BOA sent them notice of default, which was a point in time that preceded their request for a loan modification by several months. Given the Gonzaleses' initial default, they are not entitled to maintain a cause of action for breach of contract against the Defendant. *Id.*

However, more problematic is that their breach of contract claim is barred by the Statute of Frauds. The Statute of Frauds, which is strictly adhered to in Texas, provides that "[a] loan agreement in which the amount involved in the loan agreement exceeds \$50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or that party's authorized representative." *See* TEX. BUS. COM. CODE § 26.02. The law also requires that when a modification relates to a matter that must be in writing, the modification must also be in writing. *See Bank of Texas N.A. v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App.–Dallas, 2009, review dism'd w.o.j.) (any verbal representation, which purports to alter the terms of a written loan agreement that exceeds \$50,000 in value, is unenforceable under the Texas Statute of Frauds ); *Deuley v. Chase Home Finance, LCC*, No. 4:05-CV-04253, 2006 WL 1155230, at *2 (S.D. Tex. April 26, 2006) (explaining that under Texas law when an agreement purports to modify an agreement that must be in writing, the modification must also be in writing or it is unenforceable). "A plaintiff [who] seeks to enforce an alleged oral contract has the burden of proving that the

4

Statute of Frauds is satisfied" (*Hugh Symons Group, PLC v. Motorola Inc.*, 292 F.3d 466, 469 (5th Cir. 2002)) and, if they fail, it is fatal to their breach of contract claim. TEX. BUS. COM. CODE § 26.02. Having considered the record before it, this Court finds no evidence which establishes that there were any <u>written</u> agreements to modify the parties' loan agreement.[2] *Deuley*, 2006 WL 1155230, at * 2. Since the Statute of Frauds is not satisfied, as is clearly the case here, the Gonzaleses' claim for a breach of contract cannot proceed.

There are, of course, exceptions that the law recognizes to the defense of the Statute of Frauds, which include promissory estoppel. *EP Operating Co. v. MJC Energy Co.*, 883 S.W.2d 263, 268-69 (Tex.App.–Corpus Christi 1994, pet. denied). However, in addition to a plaintiff being able to show the requisite elements of promissory estoppel,[3] Texas law requires that a plaintiff also be able to establish that the defendant promised to sign an existing agreement, which, if signed, would satisfy the statute of frauds. *"Moore" Burger, Inc. v. Phillips Pet. Co.*, 492 S.W.2d 934, 937 (Tex. 1972). Because no such evidence exists in this record, the Gonzaleses cannot rely on promissory estoppel to avoid the Statute of Frauds.

Nor can the Gonzaleses, to the extent that they might try, attempt to circumvent the Statute of Frauds by arguing that the Defendant waived the right to enforce the Note and Deed of Trust. *See Milton v. U.S. Bank Nat'l Ass'n*, 508 Fed.Appx. 326, 330 (5th Cir. 2013); *Gordon v. JP Morgan Chase Bank, N.A.*, 505 Fed.Appx. 361, 365 (5th Cir. 2013). While it is true that the

---

[2] The only written agreements between the parties in this case are the Note and the Deed of Trust.

[3] The elements of a promissory estoppel claim are: (1) a promise; (2) reliance thereon that was foreseeable to the promisor; and (3) substantial reliance by the promisee to his detriment." *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 378–79 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex.1983)). In addition, while not necessarily a pleading element, estoppel also requires a showing that "injustice can be avoided only by the enforcement of the promise." *See Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 864 n. 11 (5th Cir. 1999).

5

District Court's decision in *Montalvo I* initially appeared to offer homeowners some safeguard in the form of an estoppel/waiver argument, the Court's subsequent decision in *Montalvo II* has made clear that, given Fifth Circuit decisions, even this theory can not be used to circumvent the Statute of Frauds – particularly where, as is the case here,[4] the Deed of Trust contains a non-waiver clause. *Montalvo v. Bank of America Corp.*, No. SA-10-CV-360-XR, 2013 WL 870088 (W.D.Tex. March 7, 2013); *see also, Milton*, 508 Fed.Appx. at 330 (finding unreasonable, as a matter of law, the plaintiff's reliance on oral representations by customer service representatives that were contradicted by the terms of the loan agreement); *Watson v. Citimortgage, Inc.*, 530 Fed. Appx. 322, 326 (5th Cir.2013) (finding that a non-waiver provision in a Deed of Trust is generally sufficient, in and of itself, to defeat a homeowner's claim of waiver).

## CONCLUSION

Accordingly, for all the foregoing reasons, it is the **ORDER** of this Court that Defendant Bank of America, N.A.'s Motion for Summary Judgment (Doc. No. 25) is **GRANTED** in its entirety and that Plaintiffs Heather M. Gonzales and Joe Gonzales' action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DONE** at Galveston, Texas, this ___15th___ day of May, 2014.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE

---

[4] The terms of the Deed of Trust expressly provide that "[a]ny forbearance by Lender in exercising any right or remedy ... shall not be a waiver of or preclude the exercise of any right or remedy." (Dkt. No. 25, Ex. A (Deed of Trust) at 9, ¶12).